[665 NYS2d 430]

In the Matter of DWIGHT D. JOYCE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 8, 1997

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Tracy, Bertolino & Edwards,* New City *(John S. Edwards* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition and a supplemental petition which contain a total of 11 charges against him. The Special Referee sustained all 11 charges. The Grievance Committee moves to confirm the findings of the Special Referee. In reply, the respondent asks that the Court disaffirm those findings of the Special Referee that he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and asks that the Court impose no sanction greater than that of a censure.

Charge One alleged that the respondent has engaged in conduct which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by breaching his financial responsibilities.

On or about July 20, 1992, the respondent attended a closing at which he represented Fleet Bank and at which the purchasers obtained financing from Fleet Bank for a house constructed by Slane Construction Company. Pursuant to an agreement between Joseph Slane and the purchasers, the respondent agreed to hold $6,000 in escrow which, by the terms of the agreement, represented the fair and agreed-upon value of items set forth on a punch list. After the closing, the respondent continued to hold part of the mortgage proceeds, including the aforesaid $6,000. Without notice to the purchasers or their attorney, and in violation of his fiduciary duty, the respondent, by checks dated August 3, 1992, released all of the remaining funds, including the $6,000, to Slane Construction and to Mr. Slane, its principal.

Charge Two alleged that the respondent has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

By letter dated January 22, 1993, but mailed on February 1, 1993, the respondent advised the purchasers' attorney that he had released $3,000 to Slane and that the balance would be released within 10 days unless specific objections were filed. By letter dated February 4, 1993, the purchasers' attorney advised the respondent that the purchasers objected to the release of

any escrow monies and advised him that items on the punch list had not been completed. Some three weeks later, the respondent advised the purchasers' attorney that his letter of February 4, 1993 did not conform to the requirements of the escrow agreement. In further communications with the purchasers' attorney, the respondent failed to reveal that the $6,000 had been disbursed previously.

The respondent knew or should have known that the correspondence to the purchasers' attorney would serve to mislead him and his clients and prevent them from learning the true status of the funds with which the respondent had been entrusted pursuant to the agreement dated July 20, 1992.

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), by attempting to mislead the Grievance Committee.

The Grievance Committee received a complaint against the respondent by the aforementioned purchasers on or about March 24, 1993. In his answer dated April 5, 1993, the respondent failed to advise that the funds entrusted to him, pursuant to the agreement dated July 20, 1992, had already been disbursed. The respondent's answer referred only to his "intent to release the funds" and continued to refer to himself as a stakeholder.

During his appearance at the Grievance Committee's offices on August 24, 1994, the respondent produced a copy of the punch list which he had received in July 1992 and on which amendments had been made at the closing, despite the representation in his answer that he had no such copy. It was only when asked to explain the notations on his ledger sheet that the respondent admitted that he had failed to hold in escrow the $6,000 entrusted to him pursuant to the agreement of July 20, 1992.

Charge Four alleged that the respondent has engaged in conduct which adversely reflects on his fitness to practice law by making improper payments on behalf of clients or third parties from his escrow account and by failing to properly safeguard funds with which he had been entrusted, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and DR 9-102 (C) (22 NYCRR 1200.46 [c]).

From approximately July 1992 through March 1993, the respondent maintained an "IOLA/Trust Account" at the Union

State Bank. On at least two occasions, the respondent issued checks from his escrow account in excess of funds on deposit for a particular transaction, causing checks to clear against the funds of other clients or third parties. On at least four occasions, the respondent issued checks from his escrow account for a particular transaction in advance of depositing the subject funds into his escrow account, causing checks to clear against the funds of other clients or third parties.

Charge Five alleged that the respondent has engaged in conduct which adversely reflects on his fitness to practice law by commingling clients' and personal funds in his escrow account, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and DR 9-102 (A) (22 NYCRR 1200.46 [a]).

The respondent admitted under oath at his November 15, 1994 appearance that he maintained his own funds in his escrow account and could not account for the amount of such funds.

Charge Six alleged that the respondent has engaged in conduct which adversely reflects on his fitness to practice law by failing to maintain the required records for his escrow account, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and DR 9-102 (D) (22 NYCRR 1200.46 [d]).

The respondent failed to maintain records of all deposits in and withdrawals from his escrow account. The respondent failed to maintain a record showing the source of all funds deposited, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts and the names of all persons to whom such funds were disbursed. The respondent failed to make accurate entries of all financial transactions at or near the time of the act, condition, or event recorded.

Charge Seven alleged that the respondent has failed to appropriately account for funds with which he was entrusted and/or failed to promptly notify or pay the individuals entitled to those funds, in violation of Code of Professional Responsibility DR 9-102 (C) (22 NYCRR 1200.46 [c]).

The respondent had excess funds and/or refunds due to clients or third parties on deposit in his escrow account. The respondent failed to promptly pay these funds to the persons entitled to them for a period of approximately two years when he caused his escrow account to be audited as a result of the

complaint by the purchasers. The audit revealed that respondent made a duplicate payment to the title company in the subject transaction.

Charge Eight alleged that the respondent has engaged in conduct which adversely reflects on his fitness to practice law in that there was gross mismanagement of and failure to supervise and review his escrow account, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The respondent admitted under oath on August 24, 1994, that it was only after the purchasers' complaint that he reviewed the records of his escrow account.

Charge Nine alleged, *inter alia*, that the respondent has engaged in conduct which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by submitting a false and fraudulent claim voucher.

The respondent was the Town Attorney for the Town of Stony Point in or about 1989. On or about April 12, 1989, he remitted a check in the sum of $1,000 drawn on his "Attorney at Law" account to a research center representing his subscription fee for the calendar year 1989.

The respondent submitted a claim voucher to the Town for the sum of $2,142.52. One of the expenses claimed was for material and services for the research center in the amount of $1,500.

Charge Ten alleged, *inter alia*, that the respondent has engaged in conduct which adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by submitting a false and fraudulent claim voucher.

On or about May 15, 1989, the respondent submitted another claim voucher to the Town in the amount of $6,610.35. One of the expenses claimed was for "Research Center", in the amount of $1,500. Another expense claimed was for "Private Investigator", in the amount of $4,500. The respondent had actually been billed and paid $3,197.52 for the investigative services.

Charge Eleven alleged, *inter alia*, that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The respondent sought reimbursement for business expenses in excess of the amounts actually incurred. The respondent received payment for such inflated expenses.

Based on the evidence adduced, the Special Referee properly sustained Charges One through Eight, in toto, and Charges Nine, Ten, and Eleven to the extent that they alleged violations of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted to that extent.

In determining an appropriate measure of discipline to impose, we have considered the respondent's alleged lack of venal intent, the fact that he did not use the escrow funds for his own benefit, and the lack of ultimate harm to any clients or third parties. The respondent is, nevertheless, guilty of gross mismanagement of his escrow fund and failing to supervise and review his escrow account. The respondent was issued a Letter of Caution, dated November 30, 1994, for improperly claiming a restraining lien on checks he was holding in escrow for support and maintenance and for improperly conditioning settlement of a malpractice action on withdrawal of a complaint before the Grievance Committee.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that Charges One through Eight are sustained in toto and Charges Nine, Ten, and Eleven are sustained solely with respect to Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and is otherwise denied; and it is further,

Ordered that the respondent, Dwight D. Joyce, is suspended from the practice of law for a period of three years, commencing January 9, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Dwight D. Joyce, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.